## Douglass *against* Haldeman.

In an action of trespass for *mesne* profits against a defendant who was evicted by ejectment, it is not competent for him to give in evidence a sheriff's deed to himself, and that his original entry into the premises was as a trustee of the plaintiff, whose right to recover the land depended upon a tender and payment to him of the original purchase money paid to the sheriff.

ERROR to *Cumberland* county.

This was an action of trespass for mesne profits, by Jacob M. Haldeman against Joseph Douglass.

Upon the trial, the defendant offered in evidence a deed from the sheriff, to him, for the land out of which it was alleged the profits had arisen. This was objected to by the plaintiff. 1. Because he claimed in this suit only to recover *mesne* profits from the time when the ejectment was instituted by which he recovered the possession. 2. That the recovery in ejectment is conclusive of the right.

Defendant's counsel then stated that they did not offer the evidence to controvert the right or title of the plaintiff in the land, but that it was offered with other evidence, which was to follow, to prove that the ejectment was brought by Mr Haldeman as *cestui qui trust*, against Douglass as his trustee, and that the recovery was upon that ground; that the trustee had acquired the legal title under which he was in possession under a sheriff's sale, and paid the whole purchase money out of his own pocket; and that the money was instantly paid over

II.—L

by the attorney of the plaintiff in the suit on which the sale took place; and before Haldeman recovered, he paid into court, on the trial, 3842 dollars, being the purchase money which Douglass had paid, as before stated, with interest. This evidence was to establish the position, that Haldeman being the *cestui que trust*, and having paid into court, at the trial, the money referred to, he was concluded by that act from now claiming *mesne* profits; that his time for making the deduction was when the money was paid into court, and it cannot now be done; and also to establish the position that the defendant was in of right, was in by contract, and that he could not be dispossessed until his money was refunded, which was on the trial; and this was to repel the evidence of trespass in defendant's possession; that the plaintiff had to tender, at his peril, enough of money, before ejectment brought, to enable him to recover; the amount was at his option; the only thing required was, that it should be enough.

*By the Court.* "That was a matter of contract, this a matter of trespass; the two cannot be blended. It would have been dangerous for the plaintiff to rely upon uncertain evidence of the amount of profits; the moment such tender was made and the defendant denied the trust, and refused to give up possession, that moment, and not till then, he became a trespasser and liable to ejectment. This tender must have been proved on the trial of the ejectment, otherwise the plaintiff would not have recovered. It is presumed that all was done the law required to be done, to enable the plaintiff to recover. On these grounds it would be improper to admit the evidence now offered. It is therefore rejected, and at the request of defendant this bill sealed by the court."

*Carothers,* for plaintiff in error, cited, Peebles *v.* Reading, 8 *Serg. & Rawle* 484; 2 *Atk.* 107, 244; 2 *Wash. C. C.* 142.

*Watts* and *Williamson,* for defendant in error, cited, *Purdon's Dig.* 838; Osbourn *v.* Osbourn, 11 *Serg. & Rawle* 55.

The judgment was affirmed.